JOS. A. COY CO., Inc., et al. v. YOUNGER et al.

No. 31057. April 27, 1943.

*136 P. 2d 890.*

Pierce & Rucker and Fred M. Mock, all of Oklahoma City, for petitioners.

J. B. Underwood, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Joseph A. Coy Company, Inc., and its insurance carrier, hereinafter referred to as petitioners, to obtain a review of an award which was made by trial commissioner on April 27, 1942, and affirmed by the State Industrial Commission on July 22, 1942, in favor of Walter R. Younger, hereinafter referred to as respondent.

In May, 1941, respondent entered the employ of Joseph A. Coy Company as a common laborer and continued in such employment until on or about January 3, 1942, when he reported to his foreman that he had been injured a few days prior thereto and requested medical attention for such injury. The foreman directed him to a clinic, where respondent was examined, given preliminary treatment, and then sent to a hospital, where he was kept and treated for approximately a month and then sent home. Respondent returned to the clinic for further treatment for several days, and was then dismissed as being able to return to work. Respondent was dissatisfied with the treatment which he had received and demanded further medical care, and, upon failure to get such further treatment as he thought necessary, on February 24, 1942, filed with the State Industrial Commission employee's first notice of injury and claim for compensation in which he alleged that he had sustained an accidental injury on December 30, 1941, when he was carrying some tubes and stepped upon a stack and slipped, dislocating his hip and injuring his back. At the same time respondent filed a petition wherein he alleged that petitioner had not furnished sufficient treatment for the injury, and he was still in need of further medical attention and prayed that the petitioner be required to furnish such medical care. Petitioners filed an answer in which they denied that respondent had been injured in the manner set forth, and further denied that his wage was $4 per day and that petitioners had refused to furnish necessary medical attention. Hearings were held before a trial commissioner to determine liability and extent of disability and as a result thereof the trial commissioner made the following findings of fact:

"1. That on the 31st day of December, 1941, the claimant was in the employ of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to his back.

"2. That the respondent had actual notice of said accidental personal injury, and its rights were therefore not prejudiced by failure of the claimant to give written notice within the thirty days as prescribed by statute.

"3. That the average wages of the claimant at the time of said accidental personal injury were $4.21 per day.

"4. That by reason of said accidental personal injury, the claimant is now

temporarily totally disabled, and has so been since the date of said injury, from the performance of ordinary manual labor, and in need of medical treatment."

Upon the foregoing findings of fact the commissioner entered an award, in favor of respondent, of compensation for temporary total disability and for further medical attention. The appeal had to the commission sitting en banc resulted in an order amending the first notice of injury and claim for compensation to conform to the proof by making the date of the accident read December 31, 1941. These are the orders which we are called upon to review.

Petitioners as grounds for vacation of said award urge the following propositions:

"1. Industrial Commission's finding is conclusive only where there is competent evidence reasonably tending to support it.

"2. The evidence in this case is insufficient to support the finding of the State Industrial Commission that claimant sustained an accidental personal injury on December 31, 1941.

"3. The trial commissioner erred in his computation of the compensation rate in this case."

Under the first proposition above quoted the petitioners urge that, since a finding of the Industrial Commission must be supported by some competent evidence, this court must review the record to determine whether the commission had evidence of this character before it and to this extent will view the record, and in support of this contention cite Century Indemnity Co. v. Strength, 160 Okla. 161, 16 P. 2d 242; Texas Pipe Line Co. v. Watson, 158 Okla. 44, 12 P. 2d 521. Petitioners further urge that an examination of the evidence discloses that it was inconsistent, contradictory, and therefore insufficient to satisfy the rule relative to the necessity that findings be supported by some competent evidence. The fallacy in the argument of petitioners lies in the definition of what constitutes competent

evidence. Competent evidence is that which is relevant and material to the issue to be determined. The evidence adduced at the hearings to determine liability and extent of disability, while in some respects contradictory, inconsistent, and conflicting relative to the time and manner in which the injury occurred, disclosed, substantially, that the injury had happened on or about the last day of December, 1941, when respondent was carrying some tubes and stepped upon a stack and slipped. The weight and credibility of this evidence was a matter for the State Industrial Commission. Stanolind Pipe Line Co. v. Brewer, 185 Okla. 578, 95 P. 2d 625; J. E. Smith & Sons v. Bay, 186 Okla. 544, 99 P. 2d 152. The evidence, however, was competent, since it was relevant and material to the issue which the Industrial Commission was called upon to decide. It is well settled that where the commission has before it competent evidence, this court will not weigh such evidence to determine where the preponderance lies, and an award will not be disturbed if supported by any competent evidence. Newblock v. Casey, 185 Okla. 515, 95 P. 2d 106.

Under the next proposition petitioners contend that the evidence is insufficient to sustain the finding that respondent sustained an accidental personal injury on December 31, 1941, and urge that the evidence shows that if he had any accidental injury, the same occurred on November 1, 1941. As a basis for this contention petitioners urge that the testimony of respondent relative to the alleged accident clearly negatived an accidental injury and direct our attention to Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751; and National Biscuit Co. v. Lout, 179 Okla. 259, 65 P. 2d 497, as authority for the contention so made. He testified as follows:

"Q. How did this accident happen? A. Well, we was carrying tubing, and I was stepping up on a stack. Q. How were you carrying it? A. On my shoulder. Q. Were you carrying them by yourself? A. No, my brother was helping

me, one on each end. Q. Which end were you on? A. On the front. Q. All right, go ahead. A. I started to step up on a stack of tubes, and stepped up pretty high and jerked something loose in my back and fell into some boxes and tubes that were stacked there. Q. How long did you work after that, that day? A. I judge I worked—Oh I was around there quite a little while, but it was very little work I done. I finished unloading them and then went in the stock room, but I didn't do no work. I just messed around. Q. Well, was it a strain that bothered you or was it the fall? A. Well, I couldn't say for sure. All I know is I know one thing my back was hurting right across where my hips are hooked on awful bad."

The testimony does not bear the interpretation sought to be placed thereon. The cited cases are authority for the rule that compensation is payable only for disability which accrues as the result of an accidental injury. To this extent only are the cited cases applicable to the award under review. The respondent and his brother, who was working with him at the time of the alleged accident, both testified to a state of facts which were sufficient to establish an accidental injury. Where an injury is a result of a definite, unexpected, and undesigned event or of mischance or miscalculation as to the effect of a voluntary act, it may be properly termed accidental. The medical testimony, while in conflict in certain respects, particularly with reference to the degree of disability and proximate cause thereof, and whether the same was temporary or permanent, was sufficient to sustain the finding that the disability was attributable to the injury which respondent had sustained on December 31, 1941, rather than any injury of a previous date. The inconsistency and contradictions in the evidence pointed out by the petitioners merely involve the credibility thereof and the weight which the commission should give thereto. In our opinion the finding relative to accidental injury upon the date named is sustained by competent evidence shown in the record.

It is finally contended that, since the respondent had not worked for substantially the whole of a year in the employment in which he was working when he was injured, his compensation rate was improperly computed in that it was determined under subdivision 2 of 85 O. S. 1941 § 22 whereas it should have been determined under subdivision 3 of said section. In support of this contention petitioners cite Milling Machinery, Jones-Hettelsater Const. Co. v. Thomas, 174 Okla. 483, 50 P. 2d 395. An examination of the cited case will reveal that it is wholly inapplicable to the case at bar. In the cited case, under the evidence, neither subdivision 1 nor 2 could be applied and subdivision 3 had to be resorted to. In the case at bar there was positive evidence from which the commission could properly proceed to determine the rate of compensation in the manner directed by subdivision 2, supra. It appears that the trial commissioner based his finding upon such evidence, although he did not expressly say so, and in so doing proceeded properly. See Eagle Picher Mining & Smelting Co. v. Lamkin, 189 Okla. 463, 117 P. 2d 519; Hickory Coal Co. v. Lozano, 191 Okla. 262, 128 P. 2d 1009. No error of law is presented.

Award sustained.

RILEY, OSBORN, BAYLESS, WELCH, HURST, and DAVISON JJ., concur. CORN, C. J., GIBSON, V. C. J., and ARNOLD, J., absent.