**John George WINNINGHAM, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16279.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1971.

Robert H. Sherman, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., Paul Crowe, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

John George Winningham, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Oklahoma County to the offense of Burglary in the Second Degree, and received a five-year suspended sentence on March 20, 1968. The said suspended sentence was ordered revoked on December 16, 1969, and from said order of revocation, an application for post conviction relief has been perfected to this Court.

■ The first proposition asserts that the court erred in revoking the suspension of sentence pending an appeal of an Assault with a Deadly Weapon, After Former Conviction of a Felony conviction, which was the basis of the revocation. In the recent case of Phillips v. State, Okl.Cr., 483 P.2d 759, we stated:

"We decline to hold that a suspended sentence cannot be revoked until such time as the offense which was the basis of the revocation is appealed and affirmed."

See also Fields v. State, Okl.Cr., 484 P.2d 558.

■ The final proposition contends that the court erred in refusing bail pending an appeal from its order of revocation of the suspended sentence. The defendant argues

that 22 O.S.Supp.1969, § 991b, which provides in part, "* * * or if the reason for revocation be that the defendant committed a felony, he shall not be allowed bail pending appeal" is unconstitutional. In the case of United States ex rel. Fink v. Heyd, 408 F.2d 7 (1969), the Fifth Circuit stated:

"This Court has held that inasmuch as there is no absolute right to bail pending appeal it will not interfere with a state statute providing for bail under certain circumstances unless the legislation violates fundamental constitutional principles."

See also United States ex rel. Klein v. Deegan, 290 F.Supp. 66 (D.C.1968), and Bloss v. People of the State of Michigan, 421 F.2d 903 (6 Cir. 1970).

We are of the opinion that the 22 O.S. Supp.1969, § 991b, which denies bail pending appeal if the suspended sentence was revoked because the defendant committed a Felony, is a proper prerogative of the legislative branch and that in so exercising this prerogative, the legislature does not violate the constitutional rights of this defendant.

The Order Revoking the Suspension of Judgment and Sentence appealed from is affirmed.

BRETT and NIX, JJ., concur.