**Ben Franklin MURRAY, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17937.**

Court of Criminal Appeals of Oklahoma.

March 12, 1973.

Carloss Wadlington, ADA, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Charles F. Alden III, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Ben Franklin Murray, hereinafter referred to as defendant entered a

plea of guilty in the District Court of Pontotoc County, Case No. CRF–70–64, to the offense of Burglary in the Second Degree, on September 22, 1970. The imposition of sentence was deferred for a period of two years and the defendant was placed on probation, which probation was to "continue during good behavior." On September 15, 1972, a hearing was had on the State's application to accelerate, and upon consideration of the evidence, the court accelerated defendant's sentence and sentenced him to a term of two (2) years imprisonment, the last year to be suspended during good behavior. From said Order Accelerating Sentence, an appeal has been perfected to this Court.

At the revocation hearing, Carl Stewart testified that he was Court Clerk of Pontotoc County. On January 28, 1972, the defendant entered pleas of guilty in the District Court of Pontotoc County while being represented by an attorney in Case Nos. CRM–71–1355 and CRM–71–1356. He further testified that defendant was presently charged with Unauthorized Use of a Motor Vehicle, Case No. CRF–72–110. A preliminary hearing was had and the defendant was bound over for trial on the next docket.

Bill Green testified that he was with the defendant on the evening of August 18, 1972. He was arrested and placed in trial and that someone took his 1964 black and yellow Rambler without his permission. The car was found three days later. He later had a conversation with the defendant and the defendant stated that he took the car and went to Bobby Sweet's.

Bobby Sweet testified that the defendant came to his house on the night the automobile was stolen at about 1:00 in the morning. Defendant was driving a light colored Rambler.

Margaret Sweet testified that the defendant came to their home at approximately 1:00 in the morning and was driving a black over yellow automobile.

The defendant did not testify nor was any evidence offered in his behalf.

The defendant asserts a general proposition that the "judgment and sentence is contrary to law and is contrary to and not supported by evidence on the hearing to impose judgment and sentence on the deferred sentence."

■ Defendant first argues that the order suspending imposition of the sentence did not describe the conditions for probations required by 22 O.S., § 991c. We disagree. The formal instrument states in part that the "defendant is placed on probation during such period under the supervision of the Department of Corrections of the State of Oklahoma, such suspension to continue during good behavior * * *." Transcript on the plea of guilty further reflects that the defendant was specifically advised that he was not to violate any City, State or Federal law. In Hayes v. State, Okl.Cr., 497 P.2d 1093, we stated:

"* * * [I]t is well-settled law in the State of Oklahoma that the conviction of a crime is contrary to a condition of 'good behavior' insofar as the condition of a suspended sentence is concerned. * * *"

■ We are of the opinion that the defendant's subsequent conviction of two misdemeanors was proper basis for the trial court to accelerate the sentence. Defendant argues that the State failed to prove the defendant was legally charged with either of the alleged misdemeanor offenses. Although the Court Clerk failed to identify the specific charges, he testified that the defendant, while represented by an attorney, entered pleas of guilty in Case No. CRM–71–1355 and CRM–71–1356. The State's application to accelerate the sentence alleges that defendant entered a plea of guilty to the offense of Public Drunk in Case No. CRM–71–1355 and entered a plea of guilty to the offense of Disturbing the Peace—Obscene Language in Case No. CRM–71–1356.

The judgment and sentence is, accordingly, affirmed.

BLISS, P. J., and BRETT, J., concur.