Steve **FRICK**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17495.

Court of Criminal Appeals of Oklahoma.

March 27, 1973.

Rehearing Denied April 24, 1973.

Red Ivy, Chickasha, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Charles F. Alden, III, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Steve Frick, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Grady County, Oklahoma, to the offense of Burglary in the Second Degree. Judgment and sentence was deferred for a period of two years. Thereafter, the State filed an application to accelerate sentencing, and upon hearing same after due notice, defendant was sentenced to four years in the state penitentiary, with the last three years suspended, and from said judgment and sentence a timely appeal has been perfected to this Court.

The application for acceleration alleged in part that defendant did unlawfully, willfully, knowingly and feloniously buy and receive stolen property. One of the conditions set out in the order deferring imposition of judgment and sentence was that the defendant refrain from violation of any city, state, or federal law; and that defendant conduct himself in all respects as a good and law abiding citizen.

Briefly stated, at the hearing Robert Brinkley and James R. Bartley testified that on different occasions they had both taken merchandise from Brandt-Fleet Distributors in Chickasha where they were both employed. They further testified that they either sold or gave the items to the defendant, and that defendant knew they were stolen.

The manager of Brand-Fleet then testified that the merchandise taken was exactly the same as merchandise carried in the store's inventory. He could positively identify at least one item as coming from his store.

Debbie Brinkley, wife of Robert Brinkley, then testified that defendant brought certain items to her home to hide them, since the deputy sheriff had been asking questions about "all the stolen stuff." The deputy then testified that he searched the Brinkley home and found numerous pieces of the stolen merchandise.

Defendant testified on his own behalf denying that he knew the merchandise to be stolen. Defendant also put on numerous character witnesses.

■ Defendant's sole proposition of error is that the deferred sentence was accelerated upon the uncorroborated testimony of two admitted accomplices, and that this was not competent evidence to justify the acceleration. With this contention we cannot agree.

■ Competent evidence is that which is relevant and material to the issues to be determined. Joseph A. Coy Co. v. Younger, 192 Okl. 348, 136 P.2d 890. In Lucas v. State, 68 Okl.Cr. 359, 98 P.2d 933, this Court held that an accomplice was a competent witness, the fact that he is an accomplice going only to his credibility. It is understood that accomplice testimony must be corroborated before there is sufficient evidence to sustain a conviction. However, 22 O.S.1971, § 991c provides in part:

"Upon violation of the conditions of probation, the court may enter a judgment of guilt and proceed as provided in Section 1 of this act." * * *

Although due process requires a hearing, due notice, the right to confront accusers and the right to counsel, acceleration is

left to the discretion of the trial court after hearing all the evidence. The same standard of proof is not required for an acceleration of a deferred sentence as is required for a conviction or revocation of suspended sentence. The determination of the issue of a violation of probation must be left to the trial court, and said court's order of acceleration will not be reversed by this Court unless there is an abuse of discretion reflected in the record. In the instant case if there were an absence of corroborating evidence, there would still be competent evidence to justify the acceleration.

However, an examination of the record reveals sufficient corroboration in the testimony of Debbie Brinkley concerning defendant's coming to her home to hide some of the stolen merchandise.

Therefore, for reasons stated above, this Court holds that the trial court did not abuse its discretion in accelerating the imposition of judgment and sentence; that said accelerated sentence was not excessive and that the accelerated imposition of judgment and sentence is Affirmed.

BUSSEY and BRETT, JJ., concur.