Gayland **WILSON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–18124.

Court of Criminal Appeals of Oklahoma.

May 21, 1973.

---

1.  378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

Tom R. Cornish, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

Gayland Wilson, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Pittsburg County, Oklahoma, to the offense of Bogus Check. Judgment and sentence was deferred for a period of two (2) years. Thereafter, the State filed an application to accelerate sentencing, and upon hearing same after due notice, defendant was sentenced to a term of forty-two (42) months in the State Penintentiary. From said judgment and sentence a timely appeal has been perfected to this Court.

The application for acceleration alleged that the defendant violated the following rules of his probation: Rule 1, failure to submit monthly report. Rule 3, leaving the State of Oklahoma without permission. Rule 7, failure to remain under the supervision of the Probation and Parole Division. Rule 8, falsifying report.

Title 22 O.S.1971, § 991c states:

"Upon a verdict or plea of guilty, but before a judgment of guilt, the court may, without entering a judgment of guilt and with the consent of the defendant, .defer further proceedings and place the defendant on probation under the supervision of the State Department of Corrections *upon the conditions of probation prescribed by the court*. Such conditions may include restitution when applicable. Upon completion of the probation term, which probation term under this procedure shall not exceed two (2) years, the defendant shall be discharged without a court judgment of guilt, and the verdict or plea of guilty shall be expunged from the record and said charge shall be dismissed with prejudice to any further action. *Upon violation of the conditions of probation, the court may enter a judgment of guilt and proceed as provided in Section 1 of this act.* The deferred judgment procedure described in this section shall only apply to defendants not having been previously convicted of a felony." (Emphasis added.)

The record reflects that the defendant signed a document styled "Rules and Conditions of Parole, Probation, Conditional Release" at the time the trial court entered the deferred sentence. This document provides the following rules and conditions in part: "1) I will at the end of each month, until my final release, make a written report as directed. I will state whether I have been constantly at work during the month and if not, why not; I will state how much I have earned together with a general statement of my environment and progress. 3) I will not leave the county in which I reside, or the State of Oklahoma without written permission of the Probation and Parole Officer, nor will I change my address or employment without first consulting the Probation and Parole Officer. 7) I understand that I am to remain under supervision by the Probation and Parole Division until I serve my maximum term or may be granted a Pardon by the Governor of the State of Oklahoma. 8) I understand that it will be a violation of my Probation, Parole or Conditional Release to own or carry firearms of any type, to perpetuate any falsehood or deception, to misrepresent any truth to any branch of government or representative thereof."

At the trial, Carlock Watson testified that he was employed as a Deputy Sheriff of Pittsburg County and that on the morning of October 27, 1972, that he transported the defendant from Las Vegas, Nevada, county jail to McAlester, Oklahoma, county jail.

Jim Powers next testified for the State that he was employed as a Probation and Parole Officer and on July 20, 1972, the defendant was referred to him by reason of the deferred sentence and the first time he saw the defendant was on August 24, 1972. Witness Powers further testified that the defendant was under the standard rules of probation. He testified that the defendant was suppose to have reported to his office in July 1972, but failed to do so, and that upon contacting the defendant, the defendant replied, "It had slipped his mind." Witness Powers then testified that the defendant did not submit a report for August 1972, but that he did so in September, but did not submit a report in October and that in the September report it was indicated therein that the defendant was employed at the Southern Ice Company. Upon checking with the Southern Ice Company, Witness Powers found the defendant was in fact not employed at the Southern Ice Company. Witness Powers then testified that he did not give the defendant permission to leave the state at anytime.

Defendant testified in his own behalf that he left the State of Oklahoma in September 1972 and went to the State of California to visit his wife and child and on his return trip to Oklahoma, he was arrested in Las Vegas, Nevada, for defrauding an innkeeper. The witness then testified that he had not filed a report for the month of September or the month of October and the report filed in September was for the month of August. The defendant further testified that he signed the rules of probation and that he understood that he was supposed to obey them.

The defendant's sole proposition of error is that there was not sufficient or competent evidence before the court to support its order accelerating sentencing date. We do not agree.

Suffice it to say the defendant by his own admission testified that he left the State of Oklahoma and went to the State of California without permission. In the case of Frick v. State, Okl.Cr., 509 P.2d 135 (1973) this Court stated:

"Although due process requires a hearing, due notice, the right to confront accusers and the right to counsel, acceleration is left to the discretion of the trial court after hearing all the evidence. The same standard of proof is not required for an acceleration of a deferred sentence as is required for a conviction or revocation of suspended sentence. The determination of the issue of a violation of probation must be left to the trial court, and said court's order of acceleration will not be reversed by this Court unless there is an abuse of discretion reflected in the record."

After a thorough review of the record, we cannot say the trial court abused its discretion in accelerating the imposition of judgment and sentence. We are therefore of the opinion that the accelerated judgment and sentence should be affirmed and the same is hereby affirmed.

BUSSEY, J., concurs.

BRETT, J., specially concurring.

BRETT, Judge (specially concurring):

I question the validity of some of the conditions of probation; but clearly, leaving the State of Oklahoma without permission of the Court was sufficient to accelerate this sentence. Therefore, I concur.