**David Lynn KERN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. C-73-337.**

Court of Criminal Appeals of Oklahoma.

March 20, 1974.

Rehearing Denied April 29, 1974.

Don Hamilton and Jon L. Hester, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Linda E. Frye, Legal Intern, for appellee.

BLISS, Presiding Judge:

The above named appellant, David Lynn Kern, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Oklahoma County, in Case No. CRF–72–1330, to the crime charged in the Information, Burglary in the Second Degree, on May 31, 1972, and pronouncement of Judgment and Sentence was deferred for a period of two (2) years, expiring May 31, 1974. Thereafter, upon the State's amended application to accelerate, the court pronounced Judgment and Sentence that defendant serve a term of two (2) years in the Oklahoma State Penitentiary. From said Judgment and Sentence a timely ap-

peal has been perfected to this Court by writ of certiorari.

In granting the deferred pronouncement of Judgment and Sentence, the trial court set forth in the record in great detail the conditions of the deferment, the first being defendant was not to violate any City, State, or Federal laws.

The amended application for acceleration alleges the defendant violated the terms of the deferment as follows:

"Committed crimes of * * *; Burglary in the Second Degree on July 2 or 3, 1973 as alleged in case #CRF-73-592."

At the formal hearing of the application on July 12, 1973, the defendant being present in person and by his retained counsel, his attorney of record herein, the State introduced into evidence the trial court's minute made and entered in said Case No. CRF-73-592, pending in the District Court of Oklahoma County, showing that upon the jury's verdict the defendant had been sentenced on July 11, 1973, to serve a term of two (2) years in the Oklahoma State Penitentiary. Request for suspended sentence was denied but "appeal bond set at $2,000.00". It was then stipulated that a State's witness would identify the defendant in Case No. CRF-73-592 as the defendant before the court for acceleration of Judgment and Sentence. The State produced no other evidence and rested. The defendant introduced evidence in support of a suspended sentence, which was denied, and rested.

Although defendant asserts in his Petition in Error several grounds for reversal of the Judgment and Sentence, we shall confine this opinion to the one challenging the sufficiency of the State's evidence for acceleration.

The record before us clearly reflects that defendant timely appealed from the Judgment and Sentence entered in Case No. CRF-73-592 on July 11, 1973, and that the same is now pending in this Court under No. F-74-9, the Petition in Error having been filed January 7, 1974.

■ It is obvious that said Judgment and Sentence was not final on July 12, 1973, and could not be the basis for acceleration. We are to bear in mind that the State did not present to the trial court at the acceleration hearing any of the details of the burglary alleged to have been committed in Case No. CRF-73-592 in order for the court to make a determination of violation of the conditions of the deferment of sentence in Case No. CRF-73-1330. This it could have done, but elected to stand on the minute of the Judgment and Sentence, from which the timely appeal was perfected. See Tice v. State, Okl.Cr., 283 P.2d 872.

We reverse the Judgment and Sentence pronounced at the acceleration hearing in Case No. CRF-72-1330, and restore both the State and the defendant to their respective positions immediately prior to the acceleration hearing.

BRETT and BUSSEY, JJ., concur.

OPINION ON REHEARING

Opinion was filed in the above styled and numbered case March 20, 1974. Within the rules of this Court, appellee filed its Petition for Rehearing, and, with permission of the Court, appellant filed his Response.

On May 31, 1972, in Case No. CRF-72-1330, defendant (appellant herein) plead guilty to Burglary in the Second Degree and pronouncement of Judgment and Sentence was deferred for a period of two (2) years, as authorized by 22 O.S.1971, § 991c, one of the conditions of the deferment being "defendant was not to violate any City, State or Federal laws."

On July 12, 1973, the trial court heard the State's amended application to accelerate on the sole ground that in Case No. CRF-73-592, the trial court had pronounced Judgment and Sentence on July 11, 1973, based upon a jury verdict finding the defendant guilty of Burglary in the Second Degree. The record clearly reflects, and neither party contends otherwise, defendant gave notice of appeal and timely lodged the same in this Court under No. F-74-9.

Notwithstanding the appeal said Judgment and Sentence was the only ground for acceleration in Case No. CRF–72–1330. No other evidence except proper identity of defendant was offered and introduced at the hearing.

We stated in our opinion, "it is obvious that said Judgment and Sentence was not final on July 12, 1973, and could not be the basis for acceleration."

Appellee in its Petition for Rehearing contends that such holding is in conflict with our previous cases of: Phillips v. State, Okl.Cr., 483 P.2d 759 (1971), Fields v. State, Okl.Cr., 484 P.2d 558 (1971), and Winningham v. State, Okl.Cr., 488 P.2d 1351 (1971), each dealing with revocation of a suspended sentence, and Murray v. State, Okl.Cr., 507 P.2d 1286 (1973), an acceleration of deferred sentence case, and in all except *Murray, supra,* the Court used this language:

> "We decline to hold that a suspended sentence cannot be revoked until such time as the offense which was the basis of the revocation is appealed and affirmed."

 Reconciling the apparent conflict, we now hold in order that a judgment and sentence pronounced for a crime committed subsequent to a suspended or deferred sentence may be received in evidence in support of an application to revoke or accelerate such sentence, it must be a final judgment and sentence, one unappealed from within the time prescribed for direct appeal or final disposition made and entered by the appellate court if direct appeal has been perfected.

■ However, this is not to prevent the State from making the subsequent crime a predicate for revocation or acceleration, even before or without the filing of an Information or return of Indictment therefor, or if filed or returned during the pendency thereof, or after pronouncement of judgment and sentence, during the appeal period or while on appeal. The State may offer in support of its application to revoke or accelerate any competent evidence proving or tending to prove the subsequent offense and the court hearing the application may admit the same and give it such weight and credit as it deems it to have, and if the court determines such evidence sufficient to revoke the suspended sentence or accelerate the deferred sentence, then it may do so without regard to appeal from the pronouncement of judgment and sentence, if any, in a separate and independent prosecution for the predicate crime, nor shall the results of such an appeal in any way disturb the order of revocation or acceleration.

■ The only review of an order of revocation of a suspended sentence or acceleration of a deferred sentence is a direct appeal contemplated by 22 O.S.1971, § 991b or by certiorari under the rules of this Court as to deferment of sentence upon a plea of guilty.

Accordingly, the above cited cases and any others inconsistent with this opinion are hereby expressly overruled. The holding herein shall be applied prospectively.

We deny the Petition for Rehearing, reiterate our original opinion and direct the issuance of Mandate herein.

BRETT and BUSSEY, JJ., concur.