**Duriel Richard GILL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. C–73–463.**

Court of Criminal Appeals of Oklahoma.

April 10, 1974.

Robert M. Murphy, Stillwater, Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., James C. Peck, Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

Duriel Richard Gill, hereinafter referred to as defendant, entered a plea of guilty in the District Court, Oklahoma County, Oklahoma, to the offense of Obtaining a Thing of Value by Means and Use of a False and Bogus Check, Case No. CRF–

72–513. Judgment and sentence was deferred for a period of two (2) years. Thereafter, the State filed an Application to Accelerate Sentencing, and upon hearing same and after due notice, defendant was sentenced to a term of one (1) year in the state penitentiary. From said judgment and sentence a timely appeal has been perfected to this Court by writ of certiorari.

The application for acceleration alleges that the defendant violated the terms of his deferred sentence by failing to pay court costs and make restitution as required by the conditions of probation prescribed by the trial court. Title 22 O.S. 1971, § 991c states in part as follows:

> "Upon a verdict or plea of guilty, but before a judgment of guilt, the court may, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and place the defendant on probation under the supervision of the State Department of Corrections upon the conditions of probation prescribed by the court. Such conditions may include restitution where applicable * * *."

In the instant case the records reflects that the defendant and his counsel signed an instrument entitled "Deferred Sentence— Plea of Guilty: Summary of Facts" at the time the trial court entered the deferred sentence. Said document ordered the defendant to pay court costs in the amount of Twenty-seven Dollars ($27.00) on or before the 12th day of June, 1972, and further stated that the defendant was not to violate any city, state or federal laws.

Upon a hearing on said application, the defendant took the stand in his own behalf and admitted that he had failed to pay the court costs on or before the 12th day of June, 1972, and failed to make full restitution on or before said date as ordered by the trial court. The defendant further admitted without objection by defense counsel that on the 3rd day of November, 1972, he paid fines in the Municipal Court of Guthrie, Oklahoma, on charges of public intoxication and disorderly conduct by profanity. The records of said Municipal Court were introduced into evidence without objection.

The defendant's sole proposition in error is that there was not sufficient or competent evidence before the trial court to support its acceleration of sentence, and further argues that the evidence concerning the violation of the municipal ordinances of the City of Guthrie was erroneously admitted as the application failed to cite the violation of municipal ordinances as a ground for acceleration. However, we do not agree.

The defendant admitted failing to pay the court costs on or before the due date. Evidence of the misdemeanor guilty pleas was also admitted without objection. The defendant is, therefore, deemed to have waived any objection thereto and may not raise same on appeal.

In Wilson v. State, Okl.Cr., 510 P. 2d 999, this Court held that a defendant's admission of a violation of the terms or the conditions of probation was sufficient to support an acceleration of sentence. In Murray v. State, Okl.Cr., 507 P.2d 1286, we held that a defendant's subsequent conviction of two misdemeanors was a proper basis for the trial court accelerating sentence. In Frick v. State, Okl.Cr., 509 P.2d 135, we further held that the same standard of proof is not required for an acceleration of sentence as is required for a revocation of a suspended sentence. A trial court's order of acceleration will not be reversed unless there is an abuse of discretion reflected in the record.

After a thorough review of the record, we cannot say that the trial court abused its discretion in accelerating the defendant's judgment and sentence. We are, therefore, of the opinion that the accelerated judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, J., dissents.

BUSSEY, J., concurs.