Jessie Leon **PIERCE**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. O-74-331.

Court of Criminal Appeals of Oklahoma.

July 22, 1974.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

On March 19, 1973, in Case No. CRF–72–2914 in the District Court of Oklahoma County the appellant, Jessie Leon Pierce, hereinafter referred to as defendant, pled guilty to Assault and Battery with a Deadly Weapon and received a two (2) year suspended sentence, one of the conditions of said suspension being that the defendant was not to violate any city, state, or federal law.

On the 26th day of November, 1973, the trial court heard the State's application to revoke said suspended sentence upon the sole ground that in Case No. CRF–73–1959 in the District Court of said county the trial court had pronounced judgment and sentence on the 23rd day of October, 1973, based upon a jury verdict finding the defendant guilty of Assault and Battery with a Dangerous Weapon. The record reflects, and neither party contends other-

wise, that the defendant gave notice of appeal of said second conviction and timely lodged same in this Court in Case No. F–74–309. No evidence other than the second conviction and proper identity of the defendant was offered and introduced at the hearing upon said application to revoke suspended sentence. From the trial court's order revoking suspended sentence the defendant has filed his timely appeal.

In our recent opinion in Kern v. State, Okl.Cr., 521 P.2d 412, we held that before a judgment and sentence pronounced for a crime committed subsequent to a suspended sentence may be received in evidence in support of an application to revoke such sentence, it must be a final judgment and sentence, one unappealed from within the time prescribed for direct appeal or one in which final disposition has been made and entered by the appellate court if a direct appeal has been perfected. The fact situation in *Kern, supra,* and the fact situation appealed from herein are identical.

The State in its brief urges that *Kern, supra,* should be applied prospectively as of April 29, 1974, the date of the *Kern* opinion, citing that portion of the Kern opinion which states that "the holding herein shall be applied prospectively." The State further argues that, since the instant revocation took place prior to the Kern decision, an application of Kern would be retroactive.

However, the record in the instant case and the Kern opinion reflect that the defendant's revocation hearing was held some four months after the Kern acceleration hearing. Therefore, it is our opinion that justice requires that the defendant in this cause should be granted the same relief as Kern. The holding in Kern which is reiterated herein shall be applied prospectively to any case on direct appeal to this Court on or after April 29, 1974. However, this holding shall not be applicable to any cause wherein the judgment and sentence has become final as defined above.

For the reasons set out above, the order revoking defendant's suspended sentence arising out of his guilty plea entered on the 19th day of March, 1973, is hereby reversed and remanded to the trial court for disposition consistent with the terms and tenure of this opinion and Kern.

BRETT and BUSSEY, JJ., concur.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.