**Robyn Leroy PARKS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O-74-463.**

Court of Criminal Appeals of Oklahoma.

Oct. 9, 1974.

Don Anderson, Public Defender, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

On February 18, 1972, in Case No. CRF–72–292 in the District Court of Oklahoma County the appellant, Robyn Leroy Parks, hereinafter referred to as defendant, plead guilty to the charge of Robbery by Force and received a five (5) year sus-

pended sentence, one of the conditions of said suspension being that the defendant was not to violate any city, state or federal laws.

On the 24th day of January, 1974, the trial court heard the State's Application to Revoke said suspended sentence on the sole ground that in Case No. CRF–73–3099 in the District Court of said county, the jury returned a verdict of guilty of the charge of Attempted Burglary in the Second Degree against the defendant and assessed his penalty at three years and seven months in the state penitentiary. It is uncontroverted and the record reflects that with reference to the second conviction, Case No. CRF–73–3099, formal sentencing did not occur until the 25th day of January, 1974, and the defendant has lodged his timely appeal of said conviction to this Court in Case No. F–74–516. Said appeal is pending at the present time. No evidence other than the second conviction and proper identity of the defendant was offered and introduced at the hearing upon said application to revoke suspended sentence. From the trial court's order revoking suspended sentence in Case No. CRF–72–292 the defendant has filed this timely appeal.

It is apparent that the fact situation in the instant case is identical to that found in our recent opinion in Kern v. State, Okl.Cr., 521 P.2d 412, wherein we held that before a judgment and sentence pronounced for a crime committed subsequent to a suspended sentence may be received in evidence in support of an application to revoke such suspended sentence, it must be a final judgment and sentence, one unappealed from within the time prescribed for direct appeal, or one in which final disposition has been made and entered by the appellate court if a direct appeal has been perfected.

The State in its brief urges that Kern, supra, should be applied prospectively as of April 29, 1974, the date of the Kern opinion, citing that portion of the Kern opinion which states that "the holding herein shall

be applied prospectively." The State further argues that, since the instant revocation took place prior to the *Kern* decision, an application of *Kern* would be retroactive.

However, in the instant case, the defendant's revocation hearing was held some six (6) months after the *Kern* acceleration hearing. The record also reflects that the defendant's revocation hearing was held one day prior to formal judgment and sentencing. In our recent case of Pierce v. State, Okl.Cr., 525 P.2d 1241, we held that *Kern* shall be applied prospectively to any case on direct appeal to this Court on or after April 29, 1974. Therefore, *Kern,* is applicable in the instant case.

For the reasons set out above, the order revoking defendant's suspended sentence arising out of his conviction before a jury on the 9th day of January, 1974, in Case No. CRF–73–3099, which case is presently on appeal to this Court, is hereby *reversed* and remanded to the trial court for disposition consistent with this opinion and *Kern.*

BRETT, and BUSSEY, JJ., concur.