Orvis Lamar MOORE, Sr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O-77-265.

Court of Criminal Appeals of Oklahoma.

April 7, 1978.

Robert E. Prince, Lawton, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Orvis Lamar Moore, Sr., hereinafter referred to as defendant, entered a plea of guilty in the District Court, Comanche County, Oklahoma, for the offense of Child Beating on the 2nd day of June, 1976.

Judgment and sentence was deferred until the 2nd day of December, 1977, under the provisions of 22 O.S.1971, § 991c. Thereafter, and on the 28th day of February, 1977, the State filed an application to accelerate sentencing alleging that the defendant did, on or about the 13th day of February, 1977, willfully, unlawfully and wrongfully commit the crime of assault and battery upon his wife, Lucretia Moore. One of the conditions set out in the original order deferring imposition of judgment and sentence was that the defendant refrain from violation of any city, state or federal law.

Upon the filing of the application to accelerate sentencing, the trial court set a hearing date for March 1, 1977, but upon request of the defendant, the hearing was continued for one week, until March 8, 1977. On March 1, 1977, subpoenas for witnesses on behalf of the State were issued. Defendant remained on bond from the date of the filing of the application until the date of the hearing, March 8, 1977. The trial court, at the conclusion of all the evidence, found the defendant had violated the terms deferring sentence and the defendant was sentenced to a term of five (5) years under the direction and control of the Department of Corrections of the State of Oklahoma. From said judgment and sentence the defendant has perfected his timely appeal.

Briefly stated, at the hearing Lucretia Moore testified that on February 13, 1977, the defendant hit her on the back and shoulders as she was preparing breakfast for their two children. Some moments later he slapped her across the face and then followed her into the bedroom and whipped her with a belt. He then pushed her to the floor and held her there by lifting a bed on top of her head and sitting on her. He then proceeded to bang her head against a wall, bite her and choke her. She further testified that the defendant also burned her four times with a cigarette and released her upon exacting a promise not to call the police. On cross-examination Mrs. Moore stated that she and the defendant had been having marital problems and shortly after the incident she filed for divorce.

The defendant, testifying in his own behalf, admitted whipping his wife with a belt but stated that she was unintentionally burned by his cigarette while they were wrestling on the floor. He did admit intentionally biting her, slapping her face and banging her head against the wall. He further stated that his wife was hitting and scratching him at the same time.

The defendant's sole assignment of error urges that the trial court erred by refusing to treat the hearing on March 8, 1977, as a preliminary hearing pursuant to the requirements of *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484; *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656; and *Woods v. State*, Okl.Cr., 526 P.2d 944.

However, it should first be noted that *Scarpelli*, supra, and *Morrissey*, supra, both arose out of situations wherein a defendant was on parole or probation after a judgment and sentence had been rendered and was incarcerated until the revocation hearing. In the instant case the sentencing of defendant Moore had been deferred under the provisions of 22 O.S.1971, § 991c and he was never incarcerated until after the acceleration hearing on March 8, 1977. Therefore the instant case is distinguishable from those incidents giving rise to the decisions of the United States Supreme Court in *Scarpelli*, supra, and *Morrissey*, supra. We shall therefore address ourselves to the requirements of due process.

This Court in *Frick v. State*, Okl.Cr., 509 P.2d 135, a similar case involving the acceleration of a deferred sentence, considered the issue and we held that due process requires a hearing after due notice, the right to confront accusers and the right to counsel. Included in the above, of course, would be the right to present sworn testimony and documentary evidence at a hearing on the merits.

In the instant case the defendant was given sufficient notice of the acceleration proceeding by the filing and service of the State's application alleging that he violated the terms deferring the imposition of judgment and sentence by committing an assault and battery upon Lucretia Moore. The defendant was represented by most able counsel at a full hearing on the merits after adequate time to prepare. There is absolutely no showing of prejudice to any right of the defendant and he remained at liberty until sentencing.

It should also be noted that the defendant while testifying in his own behalf admitted the physical assault upon his wife. To remand for preliminary hearing to determine probable cause would be an exercise in futility.

For all the reasons set out above, it is our opinion that the accelerated judgment and sentence appealed from should be, and the same is hereby *AFFIRMED*.

CORNISH, and BRETT, JJ., concur.