**Coy Dwain BELLER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. O-78-64.

Court of Criminal Appeals of Oklahoma.

June 26, 1979.

Burl A. Peveto, Jr., Sulphur, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Clifford E. Briery, II, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

Coy Dwain Beller was charged in the District Court, Carter County, with the offense of Assault With a Dangerous Weapon. He pled guilty and his sentence was deferred for a period of two (2) years. It was alleged by the State that the appellant left the state without permission of his parole supervisor and/or the District Court. After an acceleration hearing, he was sentenced to two (2) years' imprisonment with all but six (6) months suspended. We affirm.

The appellant first contends the trial court erred in overruling his motion for a continuance, when one of his material witnesses was absent from the jurisdiction of the court and his subpoena was returned not found.

In *Crosswhite v. State*, Okl.Cr., 317 P.2d 781 (1957), we held the forerunner of 12 O.S.1971, § 668, is applicable to criminal cases. This statute provides that a motion for a continuance on account of absence of evidence can be made only upon a written affidavit showing materiality of the evidence to be obtained and showing that due diligence has been used to obtain it. Here, the appellant produced no evidence that the testimony of the missing witness was material to his defense, nor did he make an offer of proof of the witness' anticipated testimony. The motion was made orally and lacked the requisite showing of materiality and due diligence; therefore, we find no abuse of discretion on the part of the trial court in overruling the motion.

The appellant also argues he was denied a full and complete preliminary hearing. In a similar case, *Moore v. State*, Okl.Cr., 577 P.2d 916 (1978), we quoted with approval *Frick v. State*, Okl.Cr., 509 P.2d 135 (1973). In the latter case, we noted that in matters of acceleration of deferred sentences due process required: (1) a hearing after due notice; (2) the right to confront accusers; (3) the right to counsel; and (4) the right to present sworn testimony and documentary evidence at a hearing on the merits. The appellant received proper notice; had adequate time to prepare his defense; was represented by counsel at a hearing on the merits, and presented evidence in his behalf. Because all the requirements of due process were met, we find this argument meritless.

The trial court overruled the appellant's demurrer to the application to accelerate and his motion to quash the application. The appellant assigns these rulings as error, contending that the language of the application is vague, indefinite and uncertain. We do not agree. The motion to vacate states, "he had left the state without permission of the court and the probation officer." The order deferring imposition of judgment and sentence clearly states that leaving the state without permission would be grounds for acceleration of sentence. This is adequate notice of the grounds for the motion to accelerate and sufficient time was granted for preparation of the defense to the allegations. See *In re Collyar*, Okl. Cr., 476 P.2d 354 (1970).

In response to the next contention of error, that the verdict is contrary to the law and evidence, we direct our attention to *Caudill v. State*, Okl.Cr., 532 P.2d 63 (1975). We there held that in matters of revocation of suspended sentence the burden of proof upon the State is to show by a preponderance of evidence that the condition of probation has been violated in order to warrant revocation. The appellant testified that he had in fact left the state without permission and this testimony was corroborated by other witnesses. We find this was sufficient to order the acceleration of his sentence.

Finally, the appellant contends that the trial court erred in compelling him to testify against himself, after invoking his rights against self-incrimination. In *Morgan v. State*, Okl.Cr., 555 P.2d 1307 (1976), we held that the privilege is to protect a witness or an accused from compelled disclosure of facts that might subject one to criminal liability. A hearing to accelerate a deferred sentence is not to establish criminal liability, as that has already been established by the trial at the time of the plea.

Finding no error requiring modification or reversal, the judgment and sentence is *AFFIRMED*.