In Matter of the DEATH OF
William H. WALKER.

NICKELL TRUCKING COMPANY and
Homeland Insurance Company,
Petitioners,

v.

Betty SMITH and The Workers' Compensation Court of the State of
Oklahoma, Respondents.

No. 64843.

Supreme Court of Oklahoma.

Oct. 6, 1987.

Rehearing Denied March 28, 1988.

Noma D. Gurich, Abowitz & Welch, Oklahoma City, for petitioners, Nickell Trucking Co. and Homeland Ins. Co.

Allen M. Smallwood, Tulsa, for respondents, Jack R. Anderson, Administrator of the Estate of William Harold Walker, Deceased, and Betty Jean Smith.

ALMA WILSON, Justice:

The issue here is whether the Court of Appeals complied with the standard of review in *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okl.1984), by weighing the conflicting evidence and reversing the decision and order of the en banc review panel of the Workers Compensation Court. We granted certiorari for the purpose of reviewing whether the decision of the Court of Appeals, Division II, is inconsistent with *Parks*. The opinion of the Court of Appeals is vacated and the order of the

en banc review panel of June 28, 1985 is sustained.

The issue before the Workers Compensation Court was whether Daniel Ray Smith is the son of the deceased worker, William Walker, and therefor entitled to death benefits. The trial judge denied benefits finding that William Walker was not Daniel's father. The en banc panel after a review of the record on appeal reversed the order of the trial judge and found that parts of said order were against the clear weight of the evidence.

The mother was married to, although not living with, Dennis Welch when she gave birth to Daniel on December 24, 1983. No father was listed on the birth certificate. Testimony revealed that the mother had been living with the deceased and that she claimed that he was the father. Both the mother, Betty Smith, and Lena Smith, Betty's mother, testified that the deceased had acknowledged Daniel as his son. Mr. Walker's employer testified that he assumed, based upon statements of the deceased, that the child was Walker's and that Betty Smith was Walker's wife. Walker died in an accident nineteen days after Daniel's birth.

■ *Parks* holds that in its review of a trial judge's factual findings, the en banc panel must not reverse unless the finding is against the clear weight of the evidence. In a review of the en banc panel's factual determinations, the Supreme Court or the Court of Appeals must use the standard of whether there is any competent evidence to support the findings. "Competent evidence is that which is relevant and material to the issue to be determined." *Coy v. Younger*, 192 Okl. 348, 136 P.2d 890, 890–891 (1943).

■ Three witnesses, including the decedent's employer, testified that the decedent referred to the child as his. The employer testified that the decedent referred to the mother as his wife and, shortly before the baby was born, informed the employer that he would like to be home "when the wife had the baby". Other witnesses testified the father publicly acknowledged the child to be his. Betty Smith testified that she had slept with no other man than the decedent for 20 months prior to Daniel's birth and that the decedent was the father of Daniel. Because this testimony is relevant and material to the issue before the court, competent evidence was presented to support the panel review order that although Betty Smith had been married to Dennis Welch, she had been living with the decedent for 20 months and that her child was indeed the child of the decedent. This Court held in *Parks* that our responsibility in reviewing the tribunal's decision is to canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies but only for the purpose of ascertaining if the decision is supported by competent evidence. *Parks*, 684 P.2d, at 552.

We conclude that there is competent evidence to rebutt the presumption that Daniel was the child of Betty Smith's former or separated spouse and to show that Daniel was the son of the decedent. *Byers v. Byers*, 618 P.2d 930 (Okl.1980); *Greenwood v. Greenwood*, 387 P.2d 615 (Okl.1963). Accordingly, the order of the en banc review panel dated June 28, 1985, is sustained.

DOOLIN, C.J., and HODGES, LAVENDER, OPALA, KAUGER, and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., and SIMMS, J., dissent.

## ORDER

DOOLIN, Chief Justice.

Petitioners' petition for rehearing in this case is granted for the limited purpose of correcting paragraph 10 of the order of the Workers' Compensation Court in view of the fact that the scrivener's error is admitted to by all parties. Paragraph 10 is modified to read:

"THAT the funds placed in trust with a federally insured account at a bank or savings and loan as set forth above, are not to be withdrawn by any party or disbursed from said bank without express permission, by written order of this

court, provided however, that upon reaching 18 years of age the said minor DANIEL RAY SMITH shall be entitled to payment in full of the funds so deposited."

In all other respects petitioners' petition for rehearing is DENIED.

HODGES, LAVENDER, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., dissents.