**Donald Murral BOURLAND, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–92–768.**

Court of Criminal Appeals of Oklahoma.

March 2, 1993.

## ACCELERATED DOCKET ORDER

Appellant, Donald Murral Bourland, was charged by Information in the District Court of Noble County, Case No. CRF–89–45, with Driving While Under the Influence of Intoxicating Liquor (Count I); Transporting Open Container of Liquor (Count II); Transporting Open Container of Beer (Count III); Possession of Marijuana (Count IV); Possession of Controlled Dangerous Substance (Count V) and Driving Under Suspension (Count VI). In the Deferment of Sentencing on Plea of Guilty entered on September 20, 1991, Appellant was sentenced to five (5) years deferred on each count to run concurrently.

On November 25, 1991, the State filed an Application to Accelerate the deferred sentence alleging that Appellant had violated the terms of his probation by committing the crime of Injury to a Minor Child. On February 21, 1992, the trial court accelerated Appellant's deferred sentences and sentenced him to ten (10) years with the Department of Corrections, five (5) years of the sentence to be served in prison and five (5) years of the sentence suspended. Two (2) years of the five (5) years suspended sentence were ordered to be supervised. Further, Appellant was ordered to participate in the Shock Incarceration Program and to pay the fines and costs previously imposed in the case.

On August 21, 1992, Appellant perfected his appeal to this Court. Although Appellant raises two propositions of error, we will address only that issue which requires reversal and remand for a new hearing.

Appellant contends that the trial court erred when it denied his discovery motion and refused to apply *Allen v. District Court*, 803 P.2d 1164 (Okl.Cr.1990) to acceleration hearings. We agree. In this case, Appellant was denied discovery of any statements and documents intended to be used by the State at the trial. The State argues that a hearing to accelerate a deferred or suspended sentence is not a criminal prosecution to establish criminal liability, and therefore, a defendant is not entitled to the full panoply of constitutional rights. In *Beller v. State*, 597 P.2d 338–340 (Okl.Cr.1979), this Court set out the due process requirements to which a defendant is entitled in the matters of acceleration hearings, as follows:

(1) a hearing after due notice;

(2) the right to confront accusers;

(3) the right to counsel; and

(4) the right to present sworn testimony and documentary evidence at a hearing on the merits.

Inherent in the aforesaid requirements are the rights of a defendant to competently prepare his defense and to ensure a fundamentally fair hearing or trial. Thus, a defendant is entitled to discovery as contemplated by *Allen*.

Therefore, we hold that *Allen* is applicable to acceleration proceedings. The trial court shall allow discovery under *Allen* and shall set a final hearing before the court with sufficient time prior to same for the defense to be properly prepared, provided the defense has made proper discovery motions. This case is REVERSED and REMANDED for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, PRESIDING JUDGE

/s/ Charles A. Johnson
CHARLES A. JOHNSON, VICE PRESIDING JUDGE

/s/ James F. Lane
JAMES F. LANE, JUDGE

/s/ Charles S. Chapel
CHARLES S. CHAPEL, JUDGE