**Rebecca Sue EVANS, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–79–36.**

Court of Criminal Appeals of Oklahoma.

April 3, 1980.

Wesley R. Thompson, Sapulpa, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

The appellant, Rebecca Sue Evans, pled guilty to the crime of Harboring a Fugitive from Justice, but the imposition of judgment and sentence was deferred for eighteen (18) months. Upon a motion filed by the District Attorney to accelerate the imposition of judgment and sentence, a hearing was held in the District Court in Creek County, Case No. CRF–77–206. The District Court, the Honorable Lester D. Henderson presiding, sustained the motion to

accelerate after finding that the appellant had materially violated the conditions of her probation by commission of a burglary, Case No. CRF–78–76. The appellant was committed to the custody of the Oklahoma Department of Corrections for a term of two (2) years. Thereafter, on April 20, 1979, the District Court in Creek County, the Honorable Clyde T. Patrick presiding, dismissed burglary charges against the appellant at the conclusion of the preliminary hearing in Case No. CRF–78–76, for failure of the State to show that a crime had been committed.

In an acceleration of a deferred sentence the State has the burden of proving, by a preponderance of the evidence, that one of the conditions of probation has been violated. *Beller v. State*, Okl.Cr., 597 P.2d 338 (1979). While this is not the same degree required in a conviction, when an acceleration is founded upon a probationer's criminal conduct, it must, at least, rest upon a prima facie case of the commission of that crime. The only allegation in the motion to accelerate sentencing, which the State attempted to prove in the motion hearing of August 1, 1978, was that the appellant did in fact commit a burglary, CRF–78–76. However, that burglary was not established at the acceleration hearing of August 1, 1978, because the State failed to present sufficient evidence to prove that the appellant had committed the crime of burglary.

Therefore, it is the opinion of this Court that the order accelerating the imposition of judgment and sentence in Case No. CRF–77–206 is *REVERSED*.

CORNISH, P. J., and BUSSEY, J., concur.