**Jack L. HUNTER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O–80–533.**

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1982.

Mark S. Schwartz, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

The appellant, Jack L. Hunter, entered a plea of nolo contendere to the crimes of Fraud in Connection with the Sale of a Security. 71 O.S. 1981, § 101, in Case No. CRF–79–907, and Acting as an Unregistered Agent in the Sale of a Security, 71 O.S. 1981, § 201, in Case No. CRF–79–910, in the District Court of Oklahoma County on March 9, 1979. On November 19, 1979, the appellant received a two (2) year deferred sentence and agreed to make restitution. After no restitution payments were made, the district attorney filed a motion to accelerate the imposition of judgment and sentence. Thereafter, on January 3, 1980, the court accelerated the deferred sentence and probation and imposed two (2), two (2) year sentences to be served concurrently. The appellant now appeals the acceleration of deferred sentence.

■ Before a trial court may accelerate a deferred sentence, the State must prove by a preponderance of the evidence that one of the conditions of probation has been violated. *Evans v. State,* 609 P.2d 784 (Okl. Cr. 1980). The appellant submits that the State did not meet that burden. We disagree.

At the sentencing hearing on January 3, 1982, the appellant was asked if he had made any restitution payments. He testified that he had not. A specific condition to his probation was that he make such payments. The appellant asserts that he did not understand that he was responsible for making restitution. He argues that two other defendants involved in the crimes also signed a Summary of Restitution Payments sheet and agreed to be solely responsible for the payments.

The appellant's defense is not well taken. He signed the Summary of Restitution Payments sheet and thereby declared that he understood all parts of it. We will not concern this Court with agreements the appellant may have had with other parties. We also decline to consider in determining this issue an affidavit signed by an assistant district attorney and attached to the appellant's brief. The affidavit was not a part of the evidence at trial and appears to be only cumulative in nature to the evidence that was presented at trial.

■ The State met its burden of proving by a preponderance of the evidence, that the appellant violated his probation through neglecting to make restitution. Once that burden was met, it was proper to accelerate the imposition of judgment and sentence.

■ In his second proposition the appellant asserts that the trial court abused its discretion when it refused to modify the restitution and provide him another opportunity to make the payments. The statute involved in the instant case, 22 O.S. 1981, § 991c, does not specifically provide for modifying restitution at an acceleration hearing. However, the statute pertaining to revocation of suspended sentence, 22 O.S. 1981, § 991b, allows the trial court to modify the terms or method of payment of restitution if it appears to the court's satisfaction that the terms of the order of restitution create a manifest hardship on the defendant or his immediate family. After analyzing the two statutes, it is our opinion that the trial court, in the present case, had the inherent power to modify the restitution under 22 O.S. 1981, § 991c, even though not specifically given the power by statute.

■ The record shows that the trial court heard testimony given by the appellant at the acceleration hearing pertaining to modification of the restitution. Nevertheless, the trial court apparently found no grounds on which to base modification. The appellant has shown no abuse of discretion on the part of the trial court. Where no abuse of discretion is shown, this Court will not disturb the trial court's decision. *Gill v. State,* 521 P.2d 407 (Okl. Cr. 1974).

The record is free of any error which would justify reversal. The imposition of

the judgment and sentence is hereby affirmed.

CORNISH, J., concurs.

BUSSEY, J., concurs in results.