FEDERAL TRADE COMMISSION, Plaintiff,

v.

KITCO OF NEVADA, INC., d/b/a Kitco, Inc., d/b/a Krown Manufacturing Co., Duane F. Snelling, a/k/a Harvey Butterfield, John E. Farkas, Craig A. Jesinoski, and Jason Barton, a/k/a Jay Barton, Defendants.

Civ. No. 4-83-467.

United States District Court, D. Minnesota, Fourth Division.

Jan. 25, 1985.

Karen L. Egbert and David M. Malone, F.T.C., Washington, D.C., for plaintiff.

Dennis J. Holisak, Minneapolis, Minn., for defendants Krown Mfg. Co. and John E. Farkas.

Duane Snelling, Las Vegas, Nev., pro se.

DIANA E. MURPHY, District Judge.

Plaintiff, the Federal Trade Commission (FTC), has brought this action pursuant to section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), against defendants Kitco of Nevada, Inc., d/b/a Kitco, Inc. (Kitco), d/b/a Krown Manufacturing Co. (Krown), Duane F. Snelling, a/k/a Harvey Butterfield, John E. Farkas, Craig A. Jesinoski, and Jason Barton. The FTC seeks a permanent injunction and consumer redress for defendants' alleged violations of Section 5 of the FTC Act, 15 U.S.C. § 45(a). FTC moved to strike the jury demand contained in the ‥joint pleading of Krown and John Farkas filed on February 16, 1984. After carefully considering the record and the parties' arguments, the court concluded on two separate grounds that the FTC's motion should be granted.

First, there is no right to a jury trial in this essentially equitable matter. The FTC is suing under section 13(b) for a permanent injunction and for ancillary re-

lief in the form of rescission of contracts and restitution for injured consumers. Section 13(b) does not provide for a jury trial, but defendants apparently claim a right to a jury under the seventh amendment. This right applies, however, to cases which are fundamentally legal in nature and not to matters which would have been characterized as equitable prior to the merger of law and equity under the Federal Rules of Civil Procedure. *See, e.g., Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); J. Moore, *Federal Practice and Procedure* § 22.01[4] (1981). Viewed in a historical light, the FTC's request for rescission and restitution is equitable.[1] Moreover, it is established that not all awards of monetary relief constitute legal relief for purposes of whether a jury right exists. *See In re Vorpahl,* 695 F.2d 318 (8th Cir.1982); *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).

The fundamentally equitable nature of an action for injunctive relief under section 13(b), and the ancillary relief sought, rescission and restitution, has been recognized by several courts. The Ninth Circuit stated in *FTC v. H.N. Singer, Inc.,* 668 F.2d 1107 (9th Cir.1982):

> We hold that Congress, when it gave the district court authority to grant a permanent injunction against violations of any provisions of law enforced by the Commission, also gave the district court authority to grant any ancillary relief necessary to accomplish complete justice because it did not limit that traditional equitable power explicitly or by necessary and inescapable inference. In particular, Congress thereby gave the district court

power to order rescission of contracts....

In a subsequent decision in the same case, the district court, after analyzing the jury trial issue, awarded restitution pursuant to the court's equitable authority. *See* 1982–83 Trade Cases (CCH) ¶ 65,011 (N.D.Cal. 1982). Moreover, several other courts have granted the FTC's motion to strike defendant's demand for a jury trial in § 13(b) cases. *FTC v. Kimberly International Gem Corp.,* Civ. No. 83–5268 (C.D.Cal. Sept. 27, 1984); *FTC v. International Diamond Corp.,* C–82–0878 (N.D.Cal. March 7, 1983).

Second, the defendants Krown and Farkas did not make an effective timely jury demand. The record shows that a joint and separate answer of defendants Krown and Farkas was served on the FTC on July 21, 1983. That answer contained no demand for a jury trial and was not filed with the court. Another answer, titled the Joint Answer of Krown and Farkas, was filed with the court six months later, on February 16, 1984. This answer contained a new paragraph requesting a jury trial. A sworn affidavit attached to the February answer stated that it was the answer which had been served on the FTC on July 21, 1983. The record suggests, however, that the FTC never received a copy and had no knowledge that a formal jury demand had been made until it received the trial notice on November 13, 1984.[2]

Under these circumstances, where defendants have not complied with federal rules, did not give plaintiff notice of their substituted answer, and represented that the second filed answer was identical

---

**1.** Courts have considered two other factors to determine whether an action is analogous to the traditional equity jurisdiction and both are satisfied here. First, this is a law enforcement action brought by a government agency in the public interest and not a private action for damages. *See, e.g., SEC v. Commonwealth Chemical Securities, Inc.,* 574 F.2d 90 (2d Cir.1978). Second, any award of restitution or rescission is not mandatory but is within the court's discretion. *Id.; Slack v. Havens,* 522 F.2d 1091 (9th Cir.1975).

**2.** Defendants Farkas and Krown assert that the FTC agreed to a jury trial at the January 30, 1984 pretrial conference held before Magistrate Floyd E. Boline. The magistrate's notes indicate, however, that no jury demand had been made at that time. The magistrate noted that Farkas and Krown would make such a demand in their answer, but the FTC never received notice that a subsequent answer had been filed. Since the FTC did not receive a formal written demand as required by Fed.R.Civ.P. 38(b), it was not required to oppose such a demand.

to the one served on plaintiff in July 1983, the jury demand should be stricken.[3]

## ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the motion of the Federal Trade Commission to strike the jury demand contained in the joint pleading of Krown and Farkas filed on February 16, 1984 is granted.

---

3. Even if the substitute second answer had been filed in accordance with the federal rules, the right to trial by jury has still been waived. Untimely requests for jury trial should be denied unless some cause beyond mere inadvertence is shown. *Mardesich v. Marciel,* 538 F.2d 848 (9th Cir.1976); *Bush v. Allstate Ins. Co.,* 425 F.2d 393 (5th Cir.1970), *cert. denied,* 400 U.S. 833, 91 S.Ct. 64, 27 L.Ed.2d 64 (1970). If the original pleadings effectively waive trial by jury, the right to trial by jury cannot be revived by subsequent amendment. *See Walton v. Eaton Corp.,* 563 F.2d 66 (3d Cir.1977); *Williams v. Farmers and Merchants Ins. Co.,* 457 F.2d 37 (8th Cir.1972).