Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

No response necessary.

**Thurman Sylvester ADAMS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. C–84–165.**

Court of Criminal Appeals of Oklahoma.

June 3, 1986.

## MEMORANDUM OPINION

BRETT, Judge:

Appellant, Thurman Sylvester Adams, filed a petition for certiorari appeal with this Court from a denial by the District Court of Muskogee County in Case No. CRF–83–66, of his application to withdraw his guilty plea and the acceleration of his deferred sentence. Appellant was sentenced, after acceleration, to seven years' imprisonment for Burglary Second Degree.

Although this matter is before the Court on a certiorari appeal, the only issue presented is a claim the district court should not have accelerated appellant's deferred sentence. Appellant does not argue his plea of guilty to the original charge was improperly accepted and that the court did not follow the requirements of *King v.*

*State*, 553 P.2d 529 (Okl.Cr.1976). Appellant does not contend he has a valid defense to the original charge and it was therefore an abuse of discretion for the court to refuse to allow him to withdraw his plea. *Elmore v. State*, 624 P.2d 78 (Okl.Cr.1981). Due to the confusion that has existed prior to *Davis v. State*, 704 P.2d 497 (Okl.Cr.1985) this appeal will be considered as if it had been filed under the proper court rule.

Appellant pled guilty to this charge on February 10, 1983 and was given a one year deferred sentence. On September 26, 1983, the State filed an application to accelerate his sentence claiming he had committed two more burglaries, on August 31 and September 8. A hearing was held on October 5, and based on the testimony presented the court accelerated appellant's sentence and imposed a seven year sentence.

Appellant's first proposition of error asserts the trial court erred in considering appellant's confession to the burglaries committed on August 31 and September 8 because they were the direct product of either an illegal arrest or an impermissible detention. The only grounds for acceleration alleged in the application was a reference to the two charges in which the confessions were ultimately suppressed. At the time of the acceleration hearing appellant had not been tried or convicted of those other charges. The State's evidence consisted of the confessions and testimony of the burglary victims.

The victim's testimony consisted solely of evidence a crime had been committed; they did not link appellant to the commission of the thefts. None of the evidence placed appellant at the crime scene or in possession of the property taken. Without a warrant, the police picked up appellant for questioning based on a tip from an undisclosed informant.

At a combined hearing on the suppression of the confession and the acceleration the trial judge suppressed the confession for the purpose of trial on the other charges but admitted it for purposes of acceleration of the instant charge. The reason the court gave for this decision is that "the rules are different in a case involving an application to revoke or accelerate the defendant's probation." It is a correct statement of the law that there is a difference in the standard of proof between an acceleration or revocation hearing and a trial. There is a "preponderance of evidence test" at an acceleration or revocation hearing; whereas at a trial there is a "beyond a reasonable doubt test". *Cooper v. State*, 599 P.2d 419 (Okl.Cr.1979). The weight of evidence is not to be confused, however, with the admissibility characteristics of evidence. The district court's finding that appellant's confession was not lawfully obtained and therefore inadmissible in a regular trial is also a finding that it is inadmissible in the instant case. 12 O.S. 1981, § 2410. The State failed to make a prima facie case of the criminal conduct of appellant that it was relying on for acceleration of appellant's sentence. *Evans v. State*, 609 P.2d 784 (Okl.Cr.1980). We therefore order the acceleration of imposition of judgment and sentence be REVERSED.

PARKS, P.J., concurs.

BUSSEY, J., not participating.