In the Matter of C.A.R., S.A.R., P.A.R. and C.A.R.:

CARL R., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. 83267.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 30, 1994.

Terry H. Bitting, Tulsa, for appellant.

Eric W. Stall, Julie McMahon, Tulsa, for appellee.

## OPINION

HANSEN, Presiding Judge:

Appellant Carl R. (Father) seeks review of the trial court's order finding C.A.R., S.A.R., P.A.R. and C.A.R. (Children) were deprived children, making them wards of the court and continuing them in the legal custody of the Department of Human Services (DHS).

On May 27, 1993, Appellee State of Oklahoma (State) filed a Petition, in accordance with 10 O.S.Supp.1992 § 1103, alleging Children were deprived as defined by 10 O.S.Supp.1992 § 1101. The Petition further made general allegations in statutory language regarding both parents; and made specific allegations that both parents had used illicit drugs, that two Children had tested positive for cocaine at birth, and that Father had failed to provide for or protect Children.

Children were adjudicated deprived as to their mother (Mother) in July 1993, upon Mother's stipulation to the allegations in the Petition, and a Disposition Order was entered as to Mother in September 1993. She is not a party to this appeal.

Because Father was living apart from Mother, and because of difficulty in obtaining service on Father, the action as to Father was tried separately. Father waived jury trial. After a hearing on February 1, 1994, the trial court entered and filed the adjudication order on February 17, 1994.

In its order finding Children were deprived as to Father, the trial court specifically found Father "failed to provide [sic] or protect said children", "has physically abused the natural mother and ... the children", and "has had and currently still has a drug and alcohol problem". The trial court made Children wards of the court and continued them in legal custody of DHS. See, 10 O.S.Supp.1992 § 1114. Father brings this appeal from the trial court's adjudication order.

■ Father alleges trial court error in five appellate propositions. However, the alleged errors in propositions II and V—finding Father failed to support Children, and purported deficiencies in the adjudicatory order, respectively—were not presented in Father's Petition in Error. Failure to raise an issue of error in the petition in error is fatal to consideration of the alleged error on appeal. *Kirschstein v. Haynes,* 788 P.2d 941 (Okla. 1990). We will not consider propositions II and V.

■ As to proposition I, Father contends the trial court improperly found he failed to protect Children when a protective order directing him not to go near Mother was in effect. The protective order was entered on August 19, 1991. Children were ordered into the temporary custody of DHS on May 27, 1993, at the time the Petition initiating this action was filed.

More specifically, Father argues that because he was not living with Mother, and had been ordered not to go near her, at the time Children were first committed into DHS custody, the issue at the time the Petition was filed was *Mother's* treatment of Children as custodian.

■ Father cites us to no authority to support a finding that he was divested of parental responsibility to protect Children. Father's assertion that only the actions of a custodial parent are relevant to a determination of whether a child is deprived is without merit. A *deprived* child is one who, among other things:

> ... does not have the proper parental care or guardianship or whose home is an unfit place for the child by reason of neglect, cruelty, or depravity on the part of his parents, legal guardian or other person in whose care the child may be, or ...

10 O.S.Supp.1992 § 1101(4)(b).

Father erroneously suggests the last phrase, "in whose care the child may be", modifies the entire provision. We find the phrase pertains only to the precedent "other person", not to parents or legal guardians, and in any event, the criteria in the subsection are stated disjunctively. The first criteria, *lack of proper parental care,* is in essence the same as the trial court's finding that Father failed to provide for or protect Children.

Mother testified that notwithstanding the protective order, Father often visited her, sometimes on a daily basis, while Children were still living with her. Additionally, the eldest child, who was thirteen, testified Father would come to visit after he was no longer living with Mother, and that Father "was staying over my grandma's a little bit", which would have been after the protective order was issued. The child further testified he had seen Father and Mother smoke a "white rock" in a pipe, after which they would act "[a]ll crazy".

Father acknowledged he knew Mother had a drug problem when she was living with Children, and that Children were living with their grandmother, who Father contends also had a drug problem. Nevertheless, Father said, "I didn't snitch to nobody, I didn't turn nobody in. I feel the Lord will take care of it".

■ The evidence clearly supports a finding that Father was aware Mother had a drug problem while Children were still living with her, and that he chose not to take any action to protect Children. Even assuming he was not living in the same home with Children, neither that fact, nor the protective order, can excuse Father's failure to act. While it appears the issue has not been considered in Oklahoma, we concur in the rationale of our sister Court of Appeals in New Mexico when it held:

A father may not delegate parental obligations to the mother and be held harmless when she neglects these obligations.

*Matter of C.P.*, 103 N.M. 617, 711 P.2d 894 (App.1985) (*cert. denied*).

Father's failure to protect Children in turn supports a finding that Children "did not have proper parental care" on the part of Father, and that Father was in part responsible for Children's home being unfit "by reason of neglect". See, 10 O.S.Supp.1992 § 1101(4)(b). Children were deprived under the statutory definition.

Father next contends the trial court allowed State to present evidence, over his objection, of alleged physical abuse of Children and drug abuse on his part. Father argues allowing such evidence was a denial of due process because these matters were not contained in the Petition, and he therefore had no notice the allegations would be considered.

■ Father certainly had specific notice the question of his alleged drug abuse might arise at the adjudicatory hearing. The Petition contains a reported statement by Mother to a DHS social worker, which includes a comment "that the natural father has a history of using PCP, marijuana, crack, alcohol".

■ More generally, the Petition alleged Children were deprived "for reasons which include, but are not limited [sic], the following: ... said children's home is an unfit place for the children by reason of neglect cruelty or depravity of the part of their *parents* ...". (Emphasis added). This allegation is sufficient to put Father on notice with respect to physical abuse of Children.

The Factual particularity required by 10 O.S.Supp.1992 § 1103, and asserted by Father, is only that "which bring child within the purview of Chapter 51" of Title 10, Oklahoma Statutes. Chapter 51 provides for administration of matters involving delinquent, dependent and neglected children. The Petition here complies with statutory requirements.

Additionally, Father overstates the extent of his objections to the evidence at trial. Two Children and Mother testified concerning Father's drug abuse and his physical abuse of Mother and the eldest of Children without objection by Father. Father also cross-examined Mother on the question of Father's physical abuse of the child.

■ Father did not object on the basis of lack of notice until he was being cross-examined, and the objection at that time went only to testimony regarding physical abuse of Mother. A party who fails to preserve an issue for appeal by objecting in a timely manner to testimony has waived review of that issue in this Court. *Bane v. Anderson, Bryant & Co.*, 786 P.2d 1230, 1236 (Okla. 1989). The purpose of timely objection is to call attention to the alleged error at a time when the trial court could reasonably be expected to correct it. *Gaines v. Sun Refinery and Marketing*, 790 P.2d 1073 (Okla. 1990).

■ As we understand Father's fourth proposition, he contends the trial court failed to make specific findings of fact in support of the deprived finding. We disagree. As discussed above, the evidence of record supports the deprived finding. Pursuant to 10 O.S.Supp.1992 § 1114(A):

If the court finds that the allegations of a petition alleging a child to be deprived are supported by the evidence, and that it is in the best interests of the child and the public that he be made a ward of the court, the court shall sustain the petition, and shall make an order of adjudication finding the child to be deprived and shall adjudge the child as a ward of the court.

In its Trial Adjudication Order filed on February 17, 1994, the trial court found Children "are within the purview of the Juvenile

Code as deprived children" and that the "allegations in the Petition filed on the 27th day of May, 1993, are found to be true". The trial court directed in its order that Children "are made wards of the Court and are continued in the legal custody of Department of Human Services".

Father provides no legal authority that further findings are required, but the trial court further made specific findings of Father's failure to protect, physical abuse and drug and alcohol problems. The finding as to failure to protect is supported by the evidence of Father's neglect and is sufficient in itself to justify the deprived finding as to Father.

Father's complaints with regard to the trial court's language in its order are more form than substance. The Trial Adjudication Order meets the requisites of 10 O.S.Supp. 1993 § 1114(A). Even if the trial court erred in finding, without reservation, that the allegations of the Petition were true, when some allegations may not have been supported by the evidence, we will not reverse because Father has not shown how he was harmed by the finding. *Batts v. Carter,* 312 P.2d 472 (Okla.1957). More importantly, the crucial allegations of the Petition, that is, those justifying the deprived finding, *were* supported by the evidence.

The trial court's order finding Children were deprived and making them wards of the court is AFFIRMED.

JONES, J., concurs.

BAILEY, J., not participating.