218 P.3d 534 (2009)
2009 OK CIV APP 70
In the Matter of the STATE Of Oklahoma in the Interest of T.L.B., A Delinquent Child.
Kevin Booth and Debbie Booth, Appellants,
v.
State of Oklahoma, Appellee.
No. 105,802. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 4.
Court of Civil Appeals of Oklahoma, Division No. 4.
August 18, 2009.
*535 Stanley D. Monroe, Trevor L. Reynolds, Ann E. Keele, Monroe & Associates, Tulsa, OK, for Appellants.
Rick Esser, District Attorney, William D. Drake, Assistant District Attorney, Bartlesville, OK, for Appellee.
DOUG GABBARD II, Presiding Judge.
¶ 1 Appellants, Kevin Booth and Debbie Booth (Parents), the parents of T.L.B., a minor, appeal the trial court's denial of their petition seeking modification of a restitution order. We affirm in part, reverse in part, and remand with directions.

BACKGROUND
¶ 2 On February 4, 2005, T.L.B., then 17 years old, negligently drove his vehicle into oncoming traffic and caused a head-on collision with another vehicle occupied by Burton and Evangeline Swartz. Mr. Swartz was seriously injured and subsequently died from his injuries. The District Attorney's Office of Washington County (State) filed a petition alleging T.L.B. was delinquent as defined by Oklahoma law because of his actions. Ultimately, T.L.B. was adjudicated as delinquent, a service plan was adopted directing him to perform zero to ten hours of community service at the discretion of the Office of Juvenile Affairs, and a restitution hearing was scheduled.
¶ 3 On April 7, 2006, the restitution hearing was conducted. The trial court began by ordering that $1,149.75 earned by T.L.B. while performing community service be paid to Mrs. Swartz. The trial court thereafter received testimony, and the following day entered an order finding, in part, that Mrs. Swartz had actual damages of $61,371.18, and that she was entitled under 22 O.S.2001 § 991f (A)(1) to receive up to three times her actual damages.[1] The court further held that she should only receive double damages ($122,742.36), less the previously awarded $1,149.75, for a total of $121,592.61. The court assessed these damages against T.L.B. and Parents, directed that they pay same at the rate of $500 per month, and ordered that the balance carry interest at the statutory *536 rate of 12 percent per annum. The trial court also ordered T.L.B. to perform an additional 23,610 hours of community service at the rate of a minimum of 1,000 hours per year. Parents did not perfect an appeal,[2] and the 2006 order is now a final judgment in the case.
¶ 4 Two years later, on March 27, 2008, Kevin Booth filed a petition for modification of restitution, alleging that his constitutional rights were violated when the trial court imposed restitution without giving him the benefit of a jury trial. He also alleged that the order was inconsistent with a settlement agreement between Parents and Mrs. Swartz in a related civil suit, and also with "§ 991a(18)(b)."[3] Debbie Booth orally joined in the petition. However, the trial court summarily denied same.
¶ 5 Parents now bring this appeal.

STANDARD OF REVIEW
¶ 6 The primary issue presented by this case is whether Parents were entitled to a jury trial on the issue of restitution. This presents a question of law, which we review de novo, that is, without deference. Fanning v. Brown, 2004 OK 7, 85 P.3d 841.

ANALYSIS
¶ 7 In their first proposition, Parents assert they were denied their constitutional right to a jury trial at the original restitution hearing. They claim that Article 2, § 19 of the Oklahoma Constitution, and the U.S. Constitution, guarantee them the right to a jury trial on the issue of restitution, that they were not provided one, and that they did not waive same.[4] This appears to be a matter of first impression in Oklahoma.
¶ 8 The concept of restitution is found in both civil and criminal law. A civil litigant, for instance, may obtain restitution through an action in quantum meruit or for an injunction, and may also sue for restitution as a remedy, as an alternative to damages, for breach of contract. See 22 Am.Jur.2d Damages § 56 (2009). In the criminal system, a court may impose restitution as a condition of sentencing. See 22 O.S.2001 § 991a, et seq.
¶ 9 A court also may impose restitution in the course of a delinquency proceeding. See 10 O.S. Supp.2006 § 7303-5.3(A)(7)(c)[5]; and 22 O.S.2001 § 991f.[6] In addition, § 7303-5.3 *537 permits courts to require parents to pay the restitution for a delinquent child's conduct because there is a special relationship between a parent and child that imposes a duty upon the parent to monitor and control the child's conduct. See In re C.A.R., 1994 OK CIV APP 124, 882 P.2d 582, and In re C.T., 1999 OK CIV APP 55, 983 P.2d 523 (both cases cited with approval by the Oklahoma Supreme Court in In re J.L.M., 2005 OK 15, 109 P.3d 336).
¶ 10 Neither 10 O.S. Supp.2006 § 7303-5.3(A)(7)(c), nor 22 O.S.2001 § 991a, et seq., specifically address whether parents are entitled to a jury trial on the amount of restitution. However, Parents assert that Article 2, § 19 of the Oklahoma Constitution guarantees such a right. Section 19 states:
The right to a trial by jury shall be and remain inviolate, except in civil cases wherein the amount in controversy does not exceed One Thousand Five Hundred Dollars ($1,500.00), or in criminal cases wherein punishment for the offense charged is by fine only, not exceeding One Thousand Five Hundred Dollars ($1,500.00). Provided, however, that the Legislature may provide for jury trial in cases involving lesser amounts.[7]
¶ 11 Oklahoma courts have long held that § 19 creates no new right, but merely preserves the right to trial by jury where the right already existed at common law. Vogel v. Corp. Comm'n of Okla., 1942 OK 14, 190 Okla. 156, 121 P.2d 586; Sharpe v. State ex rel. Okla. Bar Ass'n, 1968 OK JUD 1, 448 P.2d 301. Historically, parties were not entitled to a jury trial where the action, claim, or proceeding was of purely equitable cognizance. Liles v. Bigpond, 1942 OK 38, 121 P.2d 596.
¶ 12 Restitution is a traditional equitable remedy. It has been defined as an "`equitable remedy under which a person is restored to his or her original position prior to the loss or injury....' [A]n act of restoring; restoration; restoration of anything to its rightful owner; the act of making good or giving equivalent for any loss, damage, or injury; and indemnification." State ex rel. Okla. Bar Ass'n v. Leigh, 1996 OK 37, n. 23, 914 P.2d 661 (quoting Black's Law Dictionary 1313 (6th ed.1990)); see also Federal Trade Comm'n v. Kitco of Nevada, Inc., 612 F.Supp. 1280 (D.Minn.1985). Both the U.S. Supreme Court and the Oklahoma Supreme Court have viewed restitution as an ancillary remedy in the exercise of a court's general equity power to afford complete relief. Mitchell v. Robert De Mario Jewelry, Inc., 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960); State ex rel. Day v. Southwest Mineral Energy, Inc., 1980 OK 118, 617 P.2d 1334. Here, the trial court's failure to provide a jury trial to Parents did not violate Article 2, § 19 of the Oklahoma Constitution, because the restitution hearing was an equitable proceeding.
¶ 13 We also conclude that Parents were not entitled to a jury trial under the U.S. Constitution. Although the Sixth Amendment guarantees a person accused of a crime the right to a "trial by an impartial jury," the trial court in this case did not impose restitution in a criminal proceeding. Even if it had, the Sixth Amendment has not been applied beyond the adjudication of guilt stage. Federal courts have consistently held that the denial of a jury trial on restitution does not violate the Sixth Amendment, because restitution is not a criminal punishment. See e.g., U.S. v. Watchman, 749 F.2d 616 (10th Cir.1984)(a jury trial is not required on amount of restitution, even though *538 the federal Victim and Witness Protection Act permits restitution to be enforced as a civil action, because it is merely an extension of sentencing); U.S. v. Visinaiz, 428 F.3d 1300 (10th Cir.2005)(restitution is not criminal punishment); U.S. v. Perez, 514 F.3d 296 (3rd Cir.2007)(same); U.S. v. Brown, 744 F.2d 905 (2nd Cir.1984)(restitution is part of sentencing).
¶ 14 We also find no Seventh Amendment violation. That amendment provides that "the right to jury trial shall be preserved" in a "suit at common law ... where the value in controversy exceeds twenty dollars." As noted above, restitution has historically been viewed as an equitable proceeding, not a "suit at common law." For this reason, we agree with the majority of federal courts finding no Seventh Amendment violation for the denial of a jury trial on the issue of restitution. See e.g., U.S. v. Florence, 741 F.2d 1066 (8th Cir.1984). Parents' first proposition fails.
¶ 15 In their second proposition, Parents assert the restitution order was oppressive. They candidly "concede that the failure to properly appeal the original order prevents them from re-urging the legal flaws in that order," especially because there are no transcripts of the original restitution hearing. Nevertheless, they note that the trial court's order, the only record of the hearing, fails to indicate that the court considered whether restitution imposed a hardship upon the family of the minor child, a factor which the court may consider under 10 O.S. Supp.2006 § 7303-5.3(A)(7)(c).
¶ 16 Generally, a party's failure to perfect a direct appeal of a judgment renders the judgment binding and conclusive upon the parties; thereafter, they are precluded from relitigating issues that were or could have been raised in the action. Depuy v. Hoeme, 1989 OK 42, 775 P.2d 1339; see also Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Here, Parents' failure to perfect an appeal precludes them from litigating whether the trial court properly considered the restitution order's effect upon T.L.B.'s family.[8] We also note that the issue of oppressiveness was not one of the grounds asserted by Parents in their petition for modification. For both reasons, we decline to consider this issue.
¶ 17 Finally, Parents assert that the trial court erred in denying them a hearing on their petition. Title 22 O.S.2001 § 991f (C)(3)(c) provides that the court:
[S]hall have the authority to amend or alter any order of restitution made pursuant to this section providing that the court shall state its reasons and conclusions as a matter of record for any change or amendment to any previous order.
¶ 18 Nothing in this statute requires the court to consider a modification of restitution. However, the court clearly has the inherent discretionary power to do so, at any time, if it believes the restitution order is creating a manifest hardship. See Hunter v. State, 1982 OK CR 133, 650 P.2d 871. Because modification is within the discretion of the court, we review the lower court's decision for abuse of discretion. See Mitchell v. Robert De Mario Jewelry, 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960).
¶ 19 In their petition for modification, Parents sought modification on essentially two grounds: 1) that Parents were denied their right to a jury trial at the original restitution hearing; and 2) that the parties entered into an agreement in the related civil action whereby one-half of the settlement proceeds paid by Parents would be applied against the total restitution amount ordered by the court, and the court's failure to modify the restitution order resulted in application of those proceeds against the "back end" of the restitution amount. This was alleged to cause accrual of interest on monies already paid to Mrs. Swartz, contrary to the parties' agreement and "22 O.S.2001 § 991a (18)(b)."[9]
¶ 20 We have already determined that Parents are not entitled to a jury trial on restitution. We have also noted that Parents *539 did not seek modification on the ground that the restitution order imposed an undue hardship upon them. Nevertheless, the primary purpose of the restitution statutes is to compensate a victim for his or her actual loss, not to provide a windfall.[10] "The legislature in requiring the amount to be determinable by a reasonable certainty sought to prevent windfalls and the use of restitution as additional punishment for a defendant." Honeycutt v. State, 1992 OK CR 36, ¶ 36, 834 P.2d 993, 1001. Failure to consider the amounts paid by Parents pursuant to a civil settlement means that Mrs. Swartz may receive additional interest on monies already paid, a windfall in violation of the restitution order and legislative intent. Furthermore, the trial court's denial is contrary to public policy, in that it precludes the operative effect of voluntary settlements and releases between victims and parents. "In fact, not giving effect to such a civil release deprives victims of an important bargaining chip, and ultimately of compensation that might come their way...." In re Michael S., 147 Cal. App.4th 1443, 54 Cal.Rptr.3d 920, 920-21 (2007). For these reasons, the trial court abused its discretion by refusing to hold a hearing on the petition for modification.

CONCLUSION
¶ 21 Accordingly, the trial court's denial of Parents' petition for modification is hereby affirmed in part and reversed in part. This cause is remanded with directions that the trial court (1) conduct a hearing on the effect of the parties' settlement agreement on the restitution order and (2) modify same if the hearing results in a finding of payment in excess of that contemplated by the restitution order or the parties' settlement agreement.
¶ 22 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
RAPP, J., and FISCHER, J., concur.
NOTES
[1] The trial court found that Mrs. Swartz's restitution was not limited to the $2,500 maximum amount set forth in 23 O.S.2001 § 10, relying upon In re J.L.M., 2005 OK 15, n. 2, 109 P.3d 336, where the Supreme Court indicated that 23 O.S.2001 § 10 applies to civil court proceedings and not to juvenile court proceedings.
[2] Parents' notice of intent to appeal and designation of record were not timely filed.
[3] We are unable to find this statutory reference and presume it is a scrivener's error.
[4] Parents do not argue in their brief on appeal that they ever demanded a jury trial, only that they did not waive one. Indisputably, a party's silence and/or failure to demand a jury trial does not constitute a sufficient waiver of this constitutional right. See In re K.W., 2006 OK CIV APP 40, 134 P.3d 911. In this case, Parents have not presented a sufficient appellate record for us to determine if this assertion is true. Nevertheless, State concedes that Parents' statement of the facts is correct. Concessions in briefs may serve to supplement an otherwise deficient appellate record. Reeves v. Agee, 1989 OK 25, ¶ 15, 769 P.2d 745, 752. Accordingly, we agree that Parents were not provided a jury trial and did not waive same.
[5] Title 10 O.S. Supp.2006 § 7303-5.3(A)(7)(c) provides that any child adjudicated as a delinquent may be ordered to pay restitution and that:

[T]he court may order the parents or custodial parent of any child living with the parents or custodial parent at the time of the criminal or delinquent act of the child to remit the amount of restitution ordered by the court. The court may consider any hardship of such order on the parents or custodial parent of the child. The parents or custodial parent may be represented by an attorney in the matter of the order for remittance of the restitution by the parents or custodial parent. Provided, however, if the court order the parents or custodial parent to remit the amount of restitution as provided for in this paragraph, in addition to any other dispositional orders of the court, the court shall order the child to perform community service for the number of hours commensurate with the number of hours it would require under federal or state minimum wage to earn the amount paid by such child's parents or custodial parent under the order to remit restitution.
[6] Title 22 O.S.2001 § 991f(B) provides:

In all criminal prosecutions and juvenile proceedings in this state, when the court enters an order directing the offender to pay restitution to any victim for economic loss or to pay to the state any fines, fees or assessments, the order, for purposes of validity and collection, shall not be limited to the maximum term of imprisonment for which the offender could have been sentenced, nor limited to any term of probation, parole, or extension thereof, nor expire until fully satisfied. The court order for restitution, fines, fees or assessments shall remain a continuing obligation of the offender until fully satisfied, and the obligation shall not be considered a debt, nor shall the obligation be dischargeable in any bankruptcy proceeding. The court order shall continue in full force and effect with the supervision of the state until fully satisfied, and the state shall use all methods of collection authorized by law.
[7] Oklahoma law also provides that issues of fact arising in actions for the recovery of money only, or of specific real or personal property, shall be tried by a jury, unless a jury is waived. 12 O.S. 2001 § 556. All other issues of fact, and all issues of law, shall be tried to the court. 12 O.S.2001 §§ 556 and 557.
[8] Nevertheless, the trial court's order reflects that it apparently considered this factor.
[9] As noted in footnote 3 above, this reference appears to be a scrivener's error.
[10] We note that 22 O.S.2001 § 991f (C)(2)(a) requires the court to order "full restitution" based upon certain factors, including:

a. The nature and amount of restitution shall be sufficient to restore the crime victim to the equivalent economic status existing prior to the losses sustained as a direct result of the crime, and may allow the crime victim to receive payment in excess of the losses sustained; provided, the excess amount of restitution shall not be more than treble the actual economic loss incurred.
This statute recognizes that the restoration of a victim to his or her "equivalent economic status existing prior to the losses" may involve more than merely awarding his or her actual economic loss. We do not view this as an award of punitive damages against the offender.